IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                   Case No. 10-82047-WRS
                                                                              Chapter 13
NASIR AREEB SYED,

        Debtor

NASIR AREEB SYED,

        Plaintiff,

v.                                                                                 Adv. Proc. No. 11-8004-WRS

MACON COUNTY GREYHOUND PARK,
LEWIS BENEFIELD, and WALTER M. RUSSELL,

        Defendant

## **MEMORANDUM DECISION**

This Adversary Proceeding is before the Court upon a Motion to Abstain and/or Remand filed by the Debtor-Defendant, Nasir Syed on March 9, 2011. (Doc. 3). The Court held a telephonic hearing on the motion on April 12, 2011. For the reasons set forth below, the Debtor-Defendant's Motion to Abstain and/or Remand is GRANTED.

## **I.  FACTS**

This case originated in the Circuit Court of Macon County, Alabama. The Debtor-Defendant-Plaintiff ("the Debtor") filed a complaint against Plaintiffs-Defendants Macon County Greyhound Park, Inc.; Lewis Benefield; Walter Russell; and numerous fictitious parties ("the Plaintiffs") on May 4, 2010. The complaint contains eight state law counts: (1) breach of contract of employment; (2) breach of contract for use of software and intellectual properties; (3) conversion of computer software related to gaming devices; (4) fraud; (5) conversion; (6) conversion of software; (7) wrongful garnishment; and (8) outrage. The Plaintiffs filed an

1

Answer and Counterclaims on August 4, 2010.  Those counterclaims are: (1) complaint for monies paid and (2) unjust enrichment.

The underlying state court case has progressed a great deal: discovery had been commenced, interrogatories requested and answered, and a scheduling order entered on November 15, 2010.  The state court had set a trial date for February 7, 2011.  However, at a December 8, 2010 docket call, the parties said they were not ready for trial.  On December 21, 2010, the Debtor filed a chapter 13 petition in this Court.  (Case No. 10-82047).  On March 2, 2011, the Plaintiffs removed the state court action to this Court.  (Case No. 11-8004).  The Debtor filed his motion to abstain and or remand on March 9, 2011.  (Doc. 3).  A telephonic hearing was held on April 12, 2011.

## II.  CONCLUSIONS OF LAW

As this is a Motion to Remand or Abstain, the first question for the Court to consider is whether removal was proper in the first instance.  Removal is only permissible when the plaintiff's claim could have been filed in federal court originally.  Hatcher v. Lloyd's of London, 204 B.R. 227, 229 (M.D. Ala. 1997).  28 U.S.C. § 1334 lays out the reach of federal court jurisdiction under the Bankruptcy Code.  Under § 1334(a), bankruptcy courts have "original and exclusive jurisdiction of all cases under title 11."  However, this is not a case under § 1334(a) because "an adversary proceeding is not one of the 'cases under Title 11' for purposes of § 1334(a)."  Hatcher, 204 B.R. at 230 (citing Dean v. American Gen. Fin., Inc., 191 B.R. 463, 467 (M.D. Ala. 1996)).

But, under § 1334(b), bankruptcy courts "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  "Arising under" jurisdiction results from proceedings where the

2

matters invoke a substantive right created by the Bankruptcy Code, while "arising in" cases are generally matters thought to involve administrative issues. Wood v. Wood (In re Wood), 825 F.2d 90, 97 (5th Cir. 1987); In re Toledo, 170 F.3d 1340, 1345 (11th Cir. 1999); Lawrence v. Goldberg, 573 F.3d 1265, 1270-71 (11th Cir. 2009). While the determination of whether a proceeding is core or non-core is a separate analysis from jurisdiction, In re Toledo, 170 F.3d at 1345, fn.6, core proceedings are subsets of those cases covered by the "arising under" and "arising in" jurisdiction of § 1334(b). Id. Therefore, if the above proceeding is considered a core proceeding, this Court would have jurisdiction.

Core proceedings are defined at 28 U.S.C. § 157, with specific proceedings listed under § 157(b)(2). Not all of the listed core proceedings apply in this instance and thus, will not be discussed. However, this Court is of the opinion that this action is a core proceeding under some of the examples provided under § 157.

The Court first looks at § 157(b)(2)(C) – a core proceeding includes "counterclaims by the estate against persons filing claims against the estate." Simply removing prepetition state court actions that arise solely under state law to the bankruptcy court does not make it a core proceeding. Wood, 825 F.2d at 97-98. However, if the powers of the bankruptcy court are invoked, then a solely state law action can transform into a core proceeding. One such way that occurs is through the claim filing process: "[while] the state-law right underlying the claim could be enforced in a state court proceeding absent the bankruptcy, [] the nature of the state proceeding [differs] from the nature of the proceeding following the filing of a proof of claim." Id.

A claim is initiated upon the filing a proof of claim pursuant to Bankruptcy Rules 3001 and 3002. In re Asousa Partnership, 264 B.R. 376, 388 (E.D. Pa. 2001) (quoting Marshall v.

3

Michigan Department of Revenue (In re Michigan), 118 B.R. 954, 959-60 (W.D. Mich. 1990). If a proof of claim is filed, then the special powers of the bankruptcy code are invoked to bring a pre-petition state law claim under the core proceeding definition. In re Toledo, 170 F.3d at 1349-50 (citing Wood, 825 F.2d at 98). Those special powers are particularly invoked when the filing of the proof of claim and the state law litigation involve the validity of the claim. See generally In re Dixon, 428 B.R. 911, 915-16 (N.D.Ga. 2010) (discussion of core versus non-core proceedings, including the effect of filing a proof of claim).

In this proceeding, the underlying actions are admittedly solely state law. They clearly can exist outside a bankruptcy proceeding because they were brought prior to the filing of the petition. However, the case has now been removed by the Plaintiffs and so have their counterclaims. The Plaintiffs have filed a proof of claim in the bankruptcy proceeding for the amount of the loan at issue in their counterclaim. (See Case No. 10-82047, Claim #4-1). In the Debtor's Answer in the state court action, the Debtor contests the Plaintiffs' claim for repayment of the loan, using his own complaints as a defense. Thus, in essence the Debtor is contesting the Plaintiffs' claim, which would fall under the core proceeding provision of § 157(b)(2)(C). Therefore, this Court would have "arising in" and/or "arising under" jurisdiction because this is a core proceeding and removal was proper.

Moreover, this proceeding is a core proceeding under the catch-all provision of § 157(b)(2)(O). Section 157(b)(2)(O) defines a core proceeding as any "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." The Eleventh Circuit has limited the application of § 157(b)(2)(O) to tort claims that affect the contracts that give rise to the debtor-creditor relationship and refused to extend it to tort claims

4

that simply affect the relationship. Community Bank of Homestead v. Boone (In re Boone), 52 F.3d 958, 961 (11th Cir. 1995); see generally In re SOL, LLC, 419 B.R. 498, 506 (S.D. Fla. 2009). However, in this case, the disputes between the Plaintiffs and the Debtor not only affect the debtor-creditor relationship, but the contracts that gave rise to the relationship. At issue are those very contracts: Was there an employment contract? What are the terms of that contract? Was there a contract for the Debtor to receive a certain percentage of the proceeds of the software he developed? What was the loan agreement between the parties?

Therefore, under both §§ 157(b)(2)(C) and 157(b)(2)(O) the adversary proceeding between the above-styled parties, although involving only state law claims, falls under the core proceeding definitions. As such, this Court has original jurisdiction to hear these proceedings and removal was proper with regards to all the claims and counterclaims.

Knowing that removal was proper and this Court has jurisdiction under the "arising under" and "arising in" provisions of § 1334(b), we can now discuss the issue of remand and abstention. Mandatory abstention under § 1334(c)(2) is not applicable here due to the finding that this is a core proceeding and thus rises above the "related to" minimum standard. Section 1334(c)(2) requires a bankruptcy court to abstain if:

> [u]pon a timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 **but not** arising under title 11 or arising in a case under tile 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section[.]

28 U.S.C. § 1334(c)(2) (emphasis added). While the Debtor's Motion to Remand and/or Abstain was timely filed and the proceedings are based upon a state law claim, this Court has arising under and arising in jurisdiction to decide this core proceeding.

5

However, the Court still has discretionary abstention powers under 28 U.S.C. § 1334(c)(1), which the Debtor has also moved for the Court to consider. Section 1334(c)(1) states:

> [e]xcept with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). The District Court for this district has identified twelve nonexclusive factors to consider in determining whether abstention is warranted. Retirement Systems of Alabama v. Merrill Lynch & Co., 209 F.Supp.2d 1257, 1267-68 (M.D. Ala. 2002) (citing Cassidy v. Wyeth–Ayerst Laboratories, 42 F.Supp.2d 1260, 1263 (M.D.Ala.1999) (internal citations omitted)). These twelve factors have been repeatedly relied on by the bankruptcy court when considering a discretionary abstention. See In re Colquett, 2009 WL 1279507, *2-*3 (Bankr. M.D. Ala. May 7, 2009); Daniels v. Daniel, et. al. (In re Daniel), 2008 WL 2076771, *2 (N.D. Ala. May 13, 2008); Alexander v. Cintas Corporation (In re Terry Manufacturing Co.), 324 B.R. 147, 154 (Bankr. M.D. Ala. 2005). Those twelve factors are: (1) the effect on the efficient administration of the bankruptcy estate; (2) whether state law issues predominate over the bankruptcy issues; (3) the difficult or unsettled nature of the applicable state law; (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts; (5) the jurisdictional basis, if any, other than § 1334; (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy's docket; (10) the likelihood that the commencement of the

6

proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to jury trial; and (12) the presence in the proceeding of non-debtor parties. Id.

Taking these factors in order, first, it appears that remanding this case back to state court would have some effect on the efficient administration of the bankruptcy estate; a filed claim is in dispute. The Debtor does not list the debt in his plan, so the plan could be affected by the resolution of this case. Second, this proceeding involves exclusively state law issues, which weighs in favor of remand. See In re Terry Manufacturing, Inc., 324 B.R. at 154. The third factor – the nature of the applicable state law – appears to be neutral because the law seems to be settled in this area. But, it also involves complicated issues involving intellectual property under Alabama law, which may also be in flux in this ever changing age of technology. Therefore, the third factor at best is neutral or otherwise weighs in favor of remand.

Looking at the fourth factor, there are no other related proceedings in state court or other non-bankruptcy courts, thus this is a neutral factor. Fifth, § 1334 is the sole source of jurisdiction and therefore, it weighs in favor of remand. Sixth, this is a core proceeding and therefore related to the bankruptcy proceeding, thus this factor weighs against remand. Seventh, while this is a core proceeding, it is originally a state law action that has become core due to the special powers of the Bankruptcy Code, thus it is core in form, but not truly in substance. See Bricker v. Martin, 348 B.R. 28, 36 (W.D. Pa. 2006). Thus, the seventh factor favors remand also. The eighth factor favors remand because the issues can be severed from bankruptcy law – the state court can decide the state law issues and the bankruptcy court can liquidate the claims. The ninth factor – the burden on the bankruptcy docket is a neutral factor. While the Court is busy, it could find the time to handle this case, so this is a neutral factor. Tenth, the Debtor is the one requesting the remand, therefore the bankruptcy proceeding does not appear to have been

commenced as a means of forum shopping and thus, this factor is also neutral.  Eleventh, a request for jury trial has not been made yet, but could be requested and thus, favors remand.  And finally, twelfth – there are non-debtor parties – the original defendants in the underlying state court action and that would favor remand, but they are also the parties wanting the proceeding in federal court.

"Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is determinative."  In re Daniel, 2008 WL 2076771, *2.  Looking at all the factors, this concludes that the balance of the factors weight in favor of discretionary abstention.  While this Court finds that this proceeding is core, which supports denying the motion, several counterbalancing factors favor abstention.  Most importantly, the underlying issues are state law issues.  The issues do not bring forward any claims that the contested debt is non-dischargeable, so the state court would not have to make any bankruptcy law specific determinations.  This Court could easily administer the judgment of the state court in the underlying chapter 13 bankruptcy proceeding.  Finally, this adversary proceeding had progressed a great deal in state court and had been scheduled for trial.  Taking into consideration all these factors, this Court concludes that it should abstain from this adversary proceeding and remand it back to the Circuit Court of Macon County, Alabama.

## **CONCLUSION**

This Court finds that removal was proper, but that permissive abstention should apply.  Therefore, this Court will grant the motion for abstention and remand by way of a separate order.

Done this 13th day of May, 2011.

/s/ William R. Sawyer
United States Bankruptcy Judge

c:  Patrick L. W. Sefton, Attorney for Defendants
    Teddy L. Mann, Attorney for Plaintiff